laCANNELLA, Judge.
Defendant, David Lagman, appeals from a judgment which raises his child support $20 per week, retroactive to March of 1990, and makes arrearages executory of $5040. For the reasons which follow, we set aside the February 6, 1995 judgment and remand the case.
Historically, proceedings commenced against defendant on September 16, 1976 when a bill of information was filed for criminal neglect of family. The minor child was Melanie Lynn Lagman. A stipulation was entered at that time, whereby defendant agreed to pay the amount of $60 every two weeks. When that judgment was set aside, defendant pled guilty to criminal neglect of family in December of 1987 and was ordered to pay $20 per week. The support payments were increased to $30 per week on June 27, 1988.
According to the record, on March 29,1990 the child support recipient, Melanie Lawings, requested a review of child support. On April 20, 1990 defendant agreed to execute an assignment of proceeds, “to remit token payments” and the rule to increase | awas continued. The rule to increase was heard on November 5,1990 and denied.
On September 22, 1992, Melanie Lawlings filed another rule to increase child support. Defendant continued to not pay, contending that he had been injured in an accident and proceeds from his injury litigation would be forthcoming. Arrearages continued to accrue. The matter was continued several times. Melanie Lawings filed another rule to increase child support on February 12, 1993. On March 23, 1993 the rule to increase was taken up and the hearing officer recommended that support be increased to $50 per week, retroactive to August 1990. Defendant agreed to the increase prospectively only and the prospective increase was ordered by the court.
Thereafter, the record, through minute entries, indicates that a rule to increase was *1279 pending and attachments were issued for defendant’s appearance on several occasions. Finally, on February 6, 1995 a hearing was held in the matter. The juvenile court first ordered a $20 increase, retroactive to November of 1992. Upon being informed by Melanie Lawings that the child had reached eighteen years of age on June 22, 1993, the juvenile court then ordered a $20 increase, retroactive to March of 1990 (252 weeks), and rendered a judgment for arrearages of $5040, making it executory. It is from this judgment that defendant appeals.
It is well settled that the Child Support Guidelines, set out in La.R.S. 9:315 et seq., “are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989.” There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of support. La.R.S. 9:315.1(A). Deviation from the guidelines is permitted, but reasons for the deviation must be given. La.R.S. 9:315.1(B). A support award may be modified by the court upon a showing by the petitioner that there has been a change in the circumstances of the child or of either parent. La.C.C. 142.
The record in the instant case does not support the February 6, 1995 judgment. First, the judgment is not for a definitive amount. It only provides that the juvenile court ordered a $20 per week increase. This court is unable to determine which amount the juvenile court intended to increase. The court record does contain an order dated 14March 23, 1993, increasing child support to $50. If this is the amount to be increased, such an increase is clearly not in accord with the guidelines or supported by the record before us.
The Child Support Guidelines must be followed for any modification of child support sought after October 1,1989. The court acknowledged that defendant was unemployed and receiving Social Security benefits of $420 per month. The Child Support Guidelines do not provide for support of $70 per week based on a $420 per month income. There is no other evidence in the record regarding income of either defendant or Melanie Lawings. While the juvenile court may deviate from the guidelines, specific reasons must be given justifying the deviation. No such reasons were given in this ease.
Furthermore, there is no legal basis for making the support increase retroactive to March 1990. While the law provides for the retroactivity of support awards, it is authorized to the date of judicial demand, but not before that date. La.R.S. 9:315.21. The record before us indicates that Melanie Lawings did make demand for an increase in support in March of 1990. However, that request was denied by judgment of November 5, 1990. She made another demand for increase on September 22, 1992. She was awarded that increase by consent judgment of March 23, 1993. A later judgment ordering an increase in child support cannot be retroactive to March of 1990.
We understand from a review of the entire record that defendant has exhibited a history of non-payment and weak excuses. The juvenile court has constantly been required to issue attachments just to secure his appearance in court. However, the result sought, to provide the child and her mother with a lump sum from defendant’s tort recovery from his accident, cannot be achieved by issuing a retroactive order for increase in support that is not supported by the Child Support Guidelines or the record. Therefore, we set aside the February 6,1995 judgment. The consent judgment of March 23, 1993, increasing defendant’s support obligation to $50 per month plus court costs, is the last outstanding judgment against defendant from which arrearages should be calculated.
| (Accordingly, we set aside the judgment of February 6, 1995 and remand the case to juvenile court for further proceedings.

REVERSED AND REMANDED.